**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOHN BLOMENKAMP, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SAFELITE GROUP, INC., et al.,**<br><br>**Defendants.** | **Case No. 3:26-cv-00853-DWD**<br><br>**Judge: David W. Dugan** |

**DEFENDANTS' MOTION TO STAY CASE OR, IN THE ALTERNATIVE, TO EXTEND THEIR DEADLINE TO RESPOND TO THE COMPLAINT, PENDING RESOLUTION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Defendants Safelite Group, Inc. and Safelite Fulfillment, LLC ("Safelite") respectfully move to stay this case pending resolution of their just-filed Motion to Compel Arbitration. *See* ECF No. 24. This Court routinely stays cases until it resolves motions to compel arbitration, which avoids unnecessary burden on the Court and preserves the parties' resources. *See, e.g.*, *Bergman v. Best Buy Company Inc. et al.*, No. 3:25-cv-01318 (S.D. Ill. Sept. 15, 2025) (Dugan, J.), ECF No. 16; *Xanitos, LLC v. American Healthcare Systems Illinois, LLC*, No. 3:23-cv-02339 (S.D. Ill. July 05, 2023) (Dugan, J.), ECF No. 32; *Hopkins v. Dell Technologies, Inc.*, No. 3:22-cv-02464 (S.D. Ill. Aug. 29, 2023) (Dugan, J.), ECF No. 32; *East River Capital, Inc. et al. v. VLD Access, Inc. et al.,* No. 3:19-cv-01398 (S.D. Ill. June 26, 2020) (Gilbert, J.). So too here, a stay would avoid the potential waste of resources on issues that, as Safelite's Motion to Compel Arbitration explains, must be decided in arbitration. In the alternative, Safelite respectfully asks the Court to extend the deadline to respond to the Complaint by 91 days, to Monday, December 14, 2026.

Courts have inherent power and discretion to stay proceedings. *See Coons v. Yum! Brands, Inc.*, 672 F. Supp. 3d 626, 637 (S.D. Ill. 2023). Courts consider whether a stay will (1) unduly

prejudice the non-moving party; (2) simplify the issues; and (3) reduce the burden on the court and the parties. *See Archibald v. Scott Credit Union*, 2025 WL 3119199, at *1 (S.D. Ill. Nov. 7, 2025).

All three factors favor a stay here. *First*, courts consistently find no risk of undue prejudice "in the early stages of litigation." *Id.*; *see also Ankcorn v. Kohl's Corp.*, 2017 WL 395707, at *3 (N.D. Ill. Jan. 30, 2017) (same). This case is in its infancy, and a "short delay" while the Court considers Safelite's Motion to Compel Arbitration does "not constitute undue prejudice." *Nat'l Police Ass'n, Inc. v. Gannett Co.*, 2021 WL 5364207, at *2–3 (S.D. Ind. Oct. 25, 2021). *Second*, a stay would simplify the issues. "[I]t is appropriate to address the question of arbitrability at the outset" because allowing the litigation to proceed in federal court rather than arbitration can create justiciability issues and result in unnecessary proceedings. *Pretzsch v. Focus Servs., LLC*, 2019 WL 13275025, at *2 (N.D. Ill. Dec. 2, 2019) (staying all deadlines pending arbitration). A stay would streamline the issues to one question (whether to compel arbitration) while avoiding unnecessary merits and discovery issues. *Third*, staying the case will reduce the burden on the Court and the parties. Plaintiff John Blomenkamp agreed to resolve all disputes—including threshold issues related to the enforceability of the Arbitration Agreement—in arbitration. If the Court grants Safelite's Motion to Compel Arbitration (it should), then the Court must stay this case, and any other proceedings here would have been "in vain." *Id.*

To avoid this potentially unnecessary expenditure of resources, the Court should stay this case until it rules on Safelite's Motion to Compel Arbitration. Alternatively, Safelite respectfully asks the Court to extend its deadline to respond to the Complaint from Monday, September 14, 2026 to Monday, December 14, 2026. Safelite should not be forced to respond to Mr. Blomenkamp's allegations in federal court until the Court decides whether this case belongs in federal court at all.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Tiffany D. Lipscomb-Jackson*


**JONES DAY**
Tiffany D. Lipscomb-Jackson (*pro hac vice*)
Ryan Harmanis (*pro hac vice*)
Ryan P. Mueller (Illinois Bar No. 6342675)
tdlipscombjackson@jonesday.com
rharmanis@jonesday.com
rmueller@jonesday.com
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215-2673
Telephone: 614-469-3939
Facsimile: 614-461-4198

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Tiffany D. Lipscomb-Jackson*
Tiffany D. Lipscomb-Jackson

*Attorney for Defendants*