IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN BLOMENKAMP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFELITE GROUP, INC., *et al.*,<br><br>Defendants. | No. 3:26-cv-00853-DWD |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE OR FOR ALTERNATIVE RELIEF**

Defendants seek to stay this case entirely pending resolution of their Motion to Compel Arbitration (ECF No. 24) or, alternatively, to obtain a 91-day extension of their deadline to respond to Plaintiff's Class Action Complaint. Defendants' motion should be denied because they have not carried their burden to show that a stay is appropriate.

Defendants' motion to stay is premised on the assumption that their motion to compel arbitration will be granted. Defendants assert that Plaintiff's claims "must be decided in arbitration," ECF No. 25 at 1, and presuppose that "merits and discovery issues" will be "unnecessary" because Plaintiff "agreed to resolve all disputes . . . in arbitration." *Id.* at 2.

This is improper. Defendants bear the burden of establishing both their right to compel arbitration and that a stay is appropriate. *See Domer v. Menard, Inc.*, 116 F.4th 686, 694 (7th Cir. 2024) ("[The party seeking to compel arbitration] bears the burden of proving that an agreement to arbitrate exists."); *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920–22 (W.D. Wis. 2010) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

And as the Seventh Circuit recently observed, there is “no [strong federal] policy” in favor of arbitration. *Carter v. SP Plus Corp.*, 172 F.4th 970, 973 (7th Cir. 2026). Rather, the federal policy “is to make ‘arbitration agreements as enforceable as other contracts, but not more so.’ ” *Id.* (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022)). So “court[s] may not devise novel rules to favor arbitration over litigation.” *Morgan*, 596 U.S. at 418.

Yet that is precisely what Defendants ask the Court to do here. Defendants want the Court to presume that the need to compel arbitration will render further proceedings unnecessary. But the Court cannot enter a stay on the presumption that Defendants are entitled to arbitration simply because they have filed a motion to compel it any more than the Court could afford a plaintiff partial relief on a breach of contract claim simply because the claim has been asserted. Defendants are entitled to a stay upon ***proving*** that “the issue involved in [this] suit . . . is referable to arbitration,” 9 U.S.C. § 3, not before then.

Because the Court cannot presume that arbitration should be compelled any more than it can presume any other contract term should be enforced, the relief Defendants seek is akin to a preliminary injunction prohibiting Plaintiff from litigating this suit in court. But Defendants have not shown they are entitled to that “extraordinary and drastic remedy,” because they have not shown “a likelihood of success on the merits” or that they will suffer “irreparable harm in the absence of preliminary relief.” *Word Seed Church v. Vill. of Hazel Crest*, 533 F. Supp. 3d 637, 646 (N.D. Ill. 2021). Consequently, Defendants’ motion should be denied.

Even under the less-stringent standard that Defendants rely upon, *see* ECF No. 25 at 1–2, they have not shown that a stay should be granted. Defendants are not correct that the motion to compel arbitration obviates the need for discovery, because discovery can be relevant to determine whether an agreement to arbitrate has been formed. *See, e.g.*, *Deputy v. Lehman Bros.*,

345 F.3d 494, 509–10 (7th Cir. 2003) (trial is required when "making of the arbitration agreement" is disputed); *Hoganberry v. Experian Info. Sols., Inc.*, 703 F. Supp. 3d 854, 862 (N.D. Ill. 2023) (discovery is appropriate when trial on existence of arbitration agreement is necessary). And even the finding that arbitration should be compelled would not eliminate Defendants' obligation to respond to Plaintiff's allegations. The purported agreement to arbitrate specifies that arbitration will be conducted under the American Arbitration Association's Consumer Arbitration Rules and Procedures. ECF No. 24-10 at 18–19. Those rules, in turn, provide for the respondent to submit an "answer" to the claimant's demand. *See* Am. Arbitration Ass'n, *Consumer Arbitration Rules and Mediation Procedures*, https://www.adr.org/media/yawntdvs/2025_consumer_arbitration_rules.pdf, at 10 (¶ R-5(a)). Hence it is not clear that a stay would reduce the parties' burden.

Finally, Defendants request in the alternative a 91-day extension of their deadline to respond to Plaintiff's Complaint. This request for an arbitrary and lengthy extension appears calculated to provide Defendants the same relief as a stay and is supported by similarly conclusory reasoning. *See* ECF No. 25 at 2 ("Safelite should not be forced to respond to Mr. Blomenkamp's allegations in federal court until the Court decides whether this case belongs in federal court at all."). But extending response deadlines set under the Rules requires "good cause." Fed. R. Civ. P. 6(b)(1). The primary consideration relevant to good cause is "whether the subject deadline[ ] cannot reasonably be met despite the exercise of diligence." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Defendants cite no authority for the point that good cause exists simply because the moving party believes that another motion it filed should be granted. Hence Defendants' motion should be denied.

Dated: August 28, 2026

Respectfully submitted,

**THE DRISCOLL FIRM, P.C.**

By: /s/ Matthew J. Limoli

Matthew J. Limoli, #6328051
434 Fayetteville Street, Ste. 560
Raleigh, North Carolina 27601
Phone: (919) 582-6516
Fax: (314) 932-3233
matthew@thedriscollfirm.com

**THE DRISCOLL FIRM, LLC**
John J. Driscoll, #6276464
1311 Avenida Juan Ponce de Leon, Ste. 501
San Juan, Puerto Rico 00907
Phone: (314) 222-2605
Fax: (314) 932-3233
john@jjlegal.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 28, 2026, the foregoing document was electronically filed with the Clerk of Court and will be served by operation of the Court's CM/ECF system upon all registered parties.

/s/ Matthew J. Limoli
*Attorney for Plaintiff*