**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOHN BLOMENKAMP, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SAFELITE GROUP, INC., et al.,**<br><br>**Defendants.** | **Case No. 3:26-cv-00853-DWD**<br><br>**Judge: David W. Dugan** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY**

Defendants ("Safelite") respectfully submit this short reply to address four points from Plaintiff's Opposition (ECF No. 29, "Opp.") to Safelite's Motion to Stay (ECF No. 25, "Mot.").

*First*, Safelite does not ask this Court to "presume that arbitration should be compelled." Opp. 2. Safelite seeks a stay until the Court decides *whether* to compel arbitration. *See* Mot. 1–2. If the Court compels arbitration, or if it denies Safelite's Motion and Safelite appeals, the case will be stayed regardless. *See* 9 U.S.C. §§ 3, 16(a); *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). It thus makes sense, as this Court has repeatedly recognized (*see* Mot. 1), to resolve whether this case must go to arbitration before expending (and potentially wasting) resources.

*Second*, Plaintiff blatantly misstates the legal standard. A stay is *not* "akin to a preliminary injunction," Opp. 2, and the preliminary-injunction case Plaintiff cites says *nothing* about the standard for a motion to stay, *see Word Seed Church v. Vill. of Hazel Crest*, 533 F. Supp. 3d 637 (N.D. Ill. 2021). The usual three factors apply, and all favor a stay here. *See* Mot. 1–3.

*Third*, Plaintiff does not dispute that a stay would reduce the burden on this Court. While he argues that a stay may not "reduce the parties' burden," Opp. 3, he cannot deny that arbitration is different from federal litigation. To use Plaintiff's own example, an "answer" in arbitration is

*optional*. *See* Rule R-5(a), AAA, *Consumer Arbitration Rules and Mediation Procedures* ("The respondent *may* submit a written response to the Demand . . . ." (emphasis added).) The Federal Rules, in contrast, require an answer that admits or denies each allegation, plus a list of affirmative defenses. *See* Fed. R. Civ. P. 8(b). But a Rule 8-compliant answer, or a motion under Rule 12, will be entirely unnecessary if the Court compels arbitration.

As for the suggestion that discovery "can be relevant" to whether to compel arbitration, *see* Opp. 2, Safelite disagrees that any discovery is necessary here, and will fully address that argument if and when Plaintiff makes it.[1] Regardless, as Plaintiff recognizes, any discovery would focus on arbitrability, and would not require the Court and the parties to embark upon full merits litigation.

*Finally*, Safelite's alternative request seeks more limited relief: an extension to Safelite's deadline to respond to the complaint. Safelite's current deadline is September 14, 11 days before Safelite's reply on the Motion to Compel is even due. Safelite's requested extension to December 14 would allow Safelite, and the Court, to focus on the question of arbitrability, rather than litigating the merits of this case in federal court when those efforts may be unnecessary.

[1] Plaintiff has not identified any factual issue that would require discovery. His own complaint admits he scheduled service through Safelite's website and received an email quote. *See* ECF No. 1, ¶ 102. And twice during that process—including to receive the email quote—Plaintiff agreed to Safelite's Terms of Service, including the arbitration agreement, in circumstances that courts consistently hold create an agreement. *See* ECF No. 24, Mot. to Compel, at 6–10.

Dated: August 31, 2026

Respectfully submitted,

*/s/ Tiffany D. Lipscomb-Jackson*


**JONES DAY**
Tiffany D. Lipscomb-Jackson (*pro hac vice*)
Ryan Harmanis (*pro hac vice*)
Ryan P. Mueller (Illinois Bar No. 6342675)
tdlipscombjackson@jonesday.com
rharmanis@jonesday.com
rmueller@jonesday.com
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215-2673
Telephone: 614-469-3939
Facsimile: 614-461-4198

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Tiffany D. Lipscomb-Jackson*
Tiffany D. Lipscomb-Jackson

*Attorney for Defendants*